IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CARLTON ALLEN, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 15-309 Erie |
| | ) | |
| v. | ) | Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MONICA RECKTENWALD, | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by the Petitioner, Carlton Allen, be denied.

**II.  REPORT** .

**A.  Relevant Background**

The Petitioner is a federal inmate incarcerated at the Federal Correctional Institution McKean, which is located within the territorial boundaries of this Court. On April 14, 2006, he was arrested by local authorities in Philadelphia, Pennsylvania, for conduct related to his federal offenses of Possession of Cocaine Base ("Crack") with Intent to Distribute and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Resp's Ex. 2, Declaration of Jan Hanks, ¶ 4). Because local, non-federal authorities arrested the Petitioner first, he was in the "primary custody" (sometimes referred to as "primary jurisdiction") of the Commonwealth of Pennsylvania. The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54

1

(3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012) (per curiam); Elwell v. Fisher, 716 F.3d 477 (8th Cir. 2013). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole. See, e.g., George, 463 F.App'x at 138 n.4.

On November 14, 2008, the United States Marshals Service arrested the Petitioner while he was in state custody at the Curran-Fromhold Correctional Facility in Philadelphia. (Resp's Ex. 2, Hanks Decl., Attach. 2c, U.S. Marshals Service Prisoner Tracking System at 1). The Commonwealth temporarily transferred physical custody of the Petitioner to federal authorities pursuant to a writ of habeas corpus ad prosequendum so that he could appear before the United States District Court for the Eastern District of Pennsylvania and face criminal charges filed against him there at Case No. 08-CR-000609. (Resp's Ex. 2, Hanks Decl., ¶ 5). Although the Petitioner was temporarily transferred to the physical custody of federal authorities pursuant to the writ of habeas corpus ad prosequendum, the Commonwealth maintained primary custody over him. That is because a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the sending sovereign unless and until it relinquishes jurisdiction over him. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) app. note 3(E) (2003). See also Elwell, 716 F.3d at 482 ("When the United States obtained physical custody of Elwell based upon the writ of

2

habeas corpus ad prosequendum, the transfer of physical control over Elwell's custody from Iowa to the United States did not terminate Iowa's primary jurisdiction."). The receiving sovereign – in this case, the federal government – is considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and/or sentencing him. Id.

On November 18, 2008, the state criminal charges discussed above were *nolle prossed*, but the Petitioner still faced additional unrelated state criminal charges and/or sentences. (Resp's Ex. 2, Hanks Decl., ¶ 4. See also Resp's Attach. 2a, ECF No. 13). On September 23, 2009, the Petitioner was sentenced in his federal criminal case to an aggregate term of 97 months of imprisonment (later reduced to 84 months); that is 37 months (reduced to 24 months) on count 1, Possession of Cocaine Base "Crack" with Intent to Distribute, and 60 months on count 2, Possession of a Firearm on Furtherance of a Drug Trafficking Crime, to be served consecutively to count 1. The judgment was silent regarding any relationship with any pending case(s) the Petitioner had in state court. (Resp's Ex. 2, Hanks Decl., ¶ 6 and Attach. 2b, Judgment).

After his federal sentencing, the United States Marshals Service returned the Petitioner to state authorities in satisfaction of the writ of habeas corpus ad prosequendum. The federal Judgment was filed as a detainer. (Resp's Ex. 2, Hanks Decl., ¶ 6, and Attach. 2e, Department of Corrections ("DOC") Form).

On September 10, 2010, the Petitioner was sentenced in the Court of Common Pleas of Philadelphia County to a five to ten year term of imprisonment in case no. CP-51-CR-0003815-2008, for Aggravated Assault. (Resp's Ex. 2, Hanks Decl., ¶ 7 and Attach. 2d, Criminal Docket Sheet). According to the Petitioner, that court stated that its sentence was to run concurrently with his federal sentence. (ECF No. 6, Petition at 2).

3

On November 13, 2013, state authorities paroled the Petitioner and released him to federal authorities pursuant to a federal detainer. (Resp's Ex. 2, Hanks Decl., ¶ 8, and Attach. 2e, DOC Form). The Bureau of Prisons (the "Bureau" or the "BOP") is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, United States v. Wilson, 503 U.S. 329 (1992). Pursuant to 18 U.S.C. § 3584(a), the BOP calculated the Petitioner's federal sentence as consecutive to his state sentence. This means that it has refused to give him a retroactive concurrent designation (discussed below), which would have allowed the state prison to be the place where he began service of his federal sentence. Pursuant to 18 U.S.C. § 3585(a), the BOP has calculated the Petitioner's federal sentence to have commenced on the day the state authorities released him on parole to the federal detainer (November 13, 2013). The BOP also has determined that the Petitioner is entitled to four days of prior custody credit (which could also be described as pre-sentence commencement credit) pursuant to 18 U.S.C. § 3585(b). (Resp's Ex. 2, Hanks Decl., ¶ 17 and Attach. 2f, BOP Sentence Computation).

On October 3, 2014, the Petitioner filed a pro se motion with his federal sentencing court in which he requested that it order the BOP to re-compute his federal sentence to run concurrent with his state sentence. (Resp's Ex. 2, Attach. 2h). On October 22, 2014, that court issued an order denying the Petitioner's motion. The judge specifically stated: "I decline to make a recommendation to the Bureau of Prisons." (Resp's Ex. 2, Attach. 2i). On August 27, 2015, the Petitioner filed another such motion with his federal sentencing court, which that court denied. (Resp's Ex. 2, Attach. 2j, 2k).

The Petitioner also challenged the way the BOP was calculating his federal sentence through the available administrative remedy process. After he received no relief through that process, he filed the instant petition for a writ of habeas corpus with this Court. (ECF No. 6). The Respondent filed the answer (ECF No. 12), to which the Petitioner filed his reply (ECF No. 15).

4

### B. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." [1] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought before the district court that sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). Section 2241 habeas actions are filed in the federal district court where the prisoner is incarcerated.

Section 2255 expressly prohibits a federal court from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the

---

[1] Although a motion under section 2255 is not technically a petition for a writ of habeas corpus, it is habeas corpus' practical substitute for federal prisoners. See, e.g., Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

"savings clause." It is only the extraordinarily rare case that falls within § 2255's savings clause, and this case is not one of them. See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997); Okereke v. United States, 307 F.3d 117, 121 (3d Cir. 2002) ("In In re Dorsainvil, we interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.' 119 F.3d 245, 251 (3d Cir.1997). We found such a situation in In re Dorsainvil, where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), deemed not to be criminal.")

In his petition, the Petitioner challenges the sentence imposed by the United States District Court for the Eastern District of Pennsylvania at Case No. 08-CR-000609. Specifically, he argues that it was an abuse of discretion for that court to refuse to order that his federal sentence be served concurrent with his state sentence. Because this Court does not have jurisdiction under 28 U.S.C. § 2241 to review challenges to the validity of the sentence imposed by the Petitioner's federal sentencing court, any such claim raised by the Petitioner must be denied for that reason. In his reply, the Petitioner modifies his claim to challenge the manner in which the BOP is computing his federal sentence. This Court does have jurisdiction under § 2241 to review that claim and it is addressed below.

**C.     Discussion**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). The following statutes are relevant to the evaluation of the Petitioner's

contention that the BOP erred in computing his federal sentence: 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence; 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and 18 U.S.C. § 3585(b), which governs the amount of prior custody credit that an inmate may receive. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05"). The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Although they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 207-08 (3d Cir. 2011) (per curiam) (citing Reno v. Koray, 515 U.S. 50, 61 (1995)), cert. denied, 132 S.Ct. 1068 (2012).

### 1. The determination of whether a federal sentence is concurrent with, or consecutive to, a state sentence

### (a) Statutory and policy background

In determining whether the Petitioner is entitled to any habeas relief, the Court must first examine whether the BOP violated federal law in computing his federal sentence as consecutive to his state sentences. 18 U.S.C. § 3584(a) provides, in relevant part:

> [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently*.

7

(Emphasis added). See also Sester v. United States, — U.S. — , 132 S.Ct. 1463 (2013) (§ 3584(a) authorizes federal sentencing courts to direct sentences to run concurrently or consecutively with other sentences, whether such sentences are imposed or have yet to be imposed).

In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently. See PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. In this case, the federal district court that imposed the Petitioner's sentence did not order that his federal sentence was to be served concurrent with any state sentence. Therefore, although the state court directed that the term of imprisonment that it imposed on September 10, 2010, was to run concurrently with the Petitioner's federal sentence, the BOP did not consider his federal sentence to run concurrent with his state sentence *because the federal district court had not so ordered*. The BOP is charged with carrying out the sentence that the federal court imposed, not the sentence the state court imposed. Barden, 921 F.2d at 480-84.

Importantly, however, the BOP considered, as it must under Barden and its own policies, whether it should exercise its discretion and grant the Petitioner a retroactive concurrent designation pursuant to § 3621(b). In Barden, the United States Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. See also PS 5160.05, Pages 5-7. For example, the BOP recognizes that the following might occur:  the state/local authorities had primary custody over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a sentence and orders that it is to be served concurrently with the federal sentence. When this occurs (as it did in the instant case), the inmate typically will have served his state sentence at a state institution and upon

8

release is sent to federal custody for service of his federal sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. Barden, 921 F.2d at 478-83; PS 5160.05, Pages 5-7.

Although the BOP must consider the inmate's request for concurrent service of sentences, it is not obligated to grant the request. Id. at 478 n.4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). In making its decision, the BOP will review the federal sentencing court's Judgment and Commitment Order, the state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05, Pages 5-7.

### (b) The BOP did not abuse its discretion in declining to grant the Petitioner a retroactive concurrent designation

In accordance with § 3621 and its policies, the BOP conducted a Barden review to determine whether to grant the Petitioner a retroactive concurrent designation. The five factors set for in § 3621(b) were considered with respect to the Petitioner's particular circumstances. Those factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission. After its evaluation, the BOP determined that the Petitioner was not

9

appropriate for a retroactive designation. (Resp's Ex. 2, Hanks Decl., ¶¶ 12-16 and Attach. 2l, Factors Under 18 U.S.C. § 3621(b) Worksheet, dated Dec. 11, 2014).

This Court cannot conclude that the BOP's decision was an abuse of its discretion. It was in accordance with the federal sentencing statutes and applicable agency policy, PS 5160.05, Pages 5-7, and there is no basis for this Court to disturb it. See Barden, 921 F.2d at 484. See also Crawford v. Longley, 561 F.App'x 128, 130 (3d Cir. 2014) (the petitioner's "argument that the BOP should have granted the nunc pro tunc designation to fulfill the wishes of the state court judge that his state sentence be concurrent to his federal sentence is meritless, as 'neither the federal courts not the [BOP] are bound in any way be the state court's direction that the state and federal sentences run concurrently.' Barden, 921 F.2d at 478 n.4 (citing U.S.Const.art.VI, cl. 2).").

### 2. Calculation of the date upon which a federal sentence commences

18 U.S.C. § 3585(a) governs the date a federal sentence commences. It provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. See, e.g., Ruggiano, 307 F.3d at 126. The BOP will not commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served. PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). See, e.g., Rashid v. Quintana, 372 F.App'x 260, 262 (3d Cir. 2010) (per curiam) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed.") (citing Unites States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998), which stated: "We see

10

nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted)).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As discussed above, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman, 672 F.2d at 1153-54.

The BOP has incorporated the common law primary custody doctrine into its policies, which provide:

11

1. If the federal government has primary custody of an inmate on the date his federal sentence is imposed, it is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

2. If the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrently* with any state sentence, the BOP will return physical custody of the inmate to the state, designate the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

3. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive to* any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

The third scenario is what has occurred in the Petitioner's case. He was in the primary custody of the Commonwealth of Pennsylvania on the date his federal sentence was imposed. Because his federal sentence is consecutive to his state sentence, the BOP calculated his federal sentence to have commenced under § 3585(a) on November 13, 2013, the date the Commonwealth released him on parole to the federal detainer. (Resp's Ex. 2, Hanks Decl., ¶ 17 and Attach. 2f, Sentence Monitoring Computation Sheet at 2). There is no basis for the Court to disturb the BOP's determination. The policies it applied to the Petitioner are a permissible construction of § 3585(a).

### 3. Calculation of prior custody credit under § 3585(b)

Section 3585(b) governs the amount of credit an inmate is entitled to receive for time served in official detention prior to the commencement of his federal sentence. It provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

12

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*That has not been credited against another sentence.*

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). The BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. See, e.g., Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The BOP has determined that the Petitioner is entitled to four days of prior custody credit under § 3585(b). That credit accounts for all the time that the Petitioner served from April 14, 2006, through April 17, 2006 that was not credited by the Commonwealth. (Resp's Ex. 2, Hanks Decl., ¶ 17 and Attach. 2f, Sentence Monitoring Computation Sheet at 2). The BOP cannot give the Petitioner any additional credit under § 3585(b) for the time he spent in official detention during the relevant time period because all of that other time was credited against a state sentence. See, e.g., Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied.[2]

---

[2] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, — U.S. — ,132 S.Ct. 641 (2012).

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: December 19, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Barbara Rothstein
United States District Judge